

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E.L. Duncan
County Attorney
Nolan County
Sweetwater, Texas

Modified by 0-4680

Dear Sir:

Opinion No. O 1981
Re: Further information concerning
opinion No. 0-1335, fees of county
officers under the "hot check" law.

Your request for an opinion of this department, on
the questions as are herein stated, has been received.

Your letter reads in part as follows:

"I would appreciate some further information
with reference to your opinion No. 0-1335, con-
cerning the misdemeanor phases of Art. 567b, com-
monly known as the hot check law.

"1. Is the County Clerk entitled to the same
fees as are provided in Art. 1026, C.C.P. for Dis-
trict Clerks, if so what steps are necessary for
him to take with reference to assessing, collect-
ing and taxing the same, and necessary procedure
for him to take to secure his fees or protect his
claim against the State?

"2. Is the County Attorney entitled to the
fees or cost as provided in Art. 1025 C.C.P. or
that provided in Art. 1061 C.C.P., and from whom
does he collect his fees or cost, and if paid by
the State, what procedure must he follow to collect
or protect his claim against the State?

"3. Are the officers serving the processes and
witnesses entitled to the same fees and mileage in
a misdemeanor case under said Art. 567b as they
would be if the same were a felony, if so what
steps would they take to present and collect their

844

Honorable E.L. Duncan, Page 2

claims against the State? In any event would
they follow the procedure as set out in Art.
1019 and look to the defendant for their costs,
if so, if the said defendant was unable to pay
said costs and laid the same out in jail, would
said officers or witnesses be entitled to collect
from the county one-half fees as in other misde-
meanor cases?"

Your request concerns our original Opinion No. 0-1335;
however, this opinion has been reconsidered and we are enclosing
a copy of the latter opinion for your convenience.

The caption of House Bill No. 190, Acts of the 46th
Legislature (Art. 567b of the Penal Code) with reference to
all officers issuing and serving process in or out of the
county wherein the prosecution is pending and regarding all
witnesses from within or without the county wherein the prose-
cution is pending, merely states "providing for the issuance
of process and the summoning and remuneration of witnesses in
prosecutions under certain sections of this Act." It is appar-
ent that the caption of the bill provides only for the issuance
of process and the summoning and the remuneration of witnesses
in prosecutions under certain sections of the Act. We think
that section 5 of Article 567b of the Penal Code where it pro-
vides that "all officers issuing and serving such process in
or out of the county wherein the prosecution is pending, and
all witnesses from within or without the county wherein the
prosecution is pending, shall be compensated in like manner as
though the offense were a felony in grade," is void insofar as
it attempts to provide for the compensation of officers issuing
or serving process. We believe that it is well settled, as set
forth in Volume 39, page 84, of Texas Jurisprudence (and numerous
cases cited therein) that a provision or a section of the statute
is void if its purpose or substance is not expressed in the cap-
tion of the act. We do not think that any provision is made
in the caption for the compensation of officers issuing and
serving process. Therefore, it is our opinion that officers is-
suing and serving process in misdemeanor cases arising under
Article 567b of the Penal Code are entitled to such fees as
they would be in any other misdemeanor case. With reference
to the manner and from whom such fees are to be collected, is
fully discussed in our Opinion No. 0-1335.

We answer your questions as follows:

1. In misdemeanor cases prosecuted under Article 567b
of the Penal Code, County Clerks are not entitled to the same

Honorable E.L. Duncan, Page 3

1. In misdemeanor cases prosecuted under Article 567b of the Penal Code, County Clerks are not entitled to the same fees as are provided in Article 1026, Code of Criminal Procedure, for district clerks, but are entitled to only such fees as are allowed in other misdemeanor cases.

2. County attorneys are not entitled to the fees as provided in Article 1025 of the Code of Criminal Procedure for misdemeanor cases prosecuted under Article 567b of the Penal Code. In such cases county attorneys are entitled to the fees in cases tried in the county court as provided for in Article 1061 of the Code of Criminal Procedure.

3. Officers serving process in misdemeanor cases prosecuted under Article 567b, supra, are not entitled to the same fees and mileage as they would be if the case were a felony. Such officers serving process are entitled to only such fees and mileage as are allowed by statute in other misdemeanor cases. With reference to fees for witnesses and their mileage in misdemeanor cases prosecuted under Article 567b, supra, it is difficult to determine the intention of the Legislature regarding this matter. However, we believe that it was the intention of the Legislature to increase the fees and mileage of witnesses in order to secure better enforcement of the statute. Therefore, you are advised that it is our opinion that witnesses in such cases are entitled to the same fees and mileage in misdemeanor cases as if the case were a felony in grade.

Where a defendant is convicted of a misdemeanor offense under the above mentioned article and is unable to pay his fine and costs and satisfies the same working on public works or remaining in jail as provided by Articles 785-797, inclusive, of the Code of Criminal Procedure, the officers or witnesses would be entitled to collect from the county one-half fees as in other misdemeanor cases as provided by Article 1055, of the Code of Criminal Procedure. Bearing in mind that officers issuing and serving process are only entitled to the same fees and mileage as in other misdemeanor cases and witnesses being entitled to fees and mileage as if the case were a felony in grade.

Honorable E.L. Duncan, Page 4


Opinions Nos. O-1135, O-1335, O-1567, insofar as they may conflict with this opinion, are hereby overruled.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED DEC 11, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE